# <u>EXHIBIT A</u>

### LIST OF ATTORNEYS/PARTIES

1. Ahsan Hasnani
   Scott Hunziker
   THE VOSS LAW FIRM, P.C.
   The Voss Law Center
   26619 Interstate 45 South
   The Woodlands, Texas 77380
   Telephone: (713) 861-0015
   Facsimile: (713) 861-0021

*Attorneys for Plaintiff*

2. Dale M. "Rett" Holidy
   Gregory Howard
   GERMER PLLC
   Three Allen Center
   333 Clay Street, Suite 4950
   Houston, Texas 77002
   Telephone: (713) 650-1313
   Facsimile: (713) 739-7420

*Attorneys for Defendant*

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

#### *Pamela M. Carroll vs. State Farm Lloyds*

(a)    Plaintiff's Original Petition;
(b)    Citation for Defendant;
(c)    Return of Service on Defendant;
(d)    Defendant's Original Answer;
(e)    Plaintiff's First Amended Petition;
(f)    Defendant's First Amended Answer;
(g)    Defendant's Demand for Jury Trial; and
(h)    Docket/Case Summary Sheet.

Received and E-Filed for Record
4/13/2016 4:53:32 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

16-04-04509

## CAUSE NO. _____

| | | |
|---|---|---|
| **PAMELA M. CARROLL,**<br>*Plaintiff,* | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **vs.** | §<br>§ | **MONTGOMERY COUNTY, TEXAS** |
| | | Montgomery County - 284th Judicial District Court |
| **STATE FARM FIRE AND CASUALTY**<br>**COMPANY,**<br>*Defendant.* | §<br>§<br>§ | **\_\_\_\_ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Pamela M. Carroll (hereinafter "Plaintiff"), and complains of State Farm

Fire and Casualty Company (hereinafter "State Farm"). In support of her claims and causes of

action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of

the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and

Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional

limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to

this suit occurred within the city of Conroe, in Montgomery County, Texas.

**PARTIES**

3. Plaintiff is an individual whose residence is located in Conroe, Montgomery County, Texas.

4. Defendant State Farm is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

**BACKGROUND**

5. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 11698 Creek View Lane, Conroe, Texas 77385, (the "Property").   In addition to seeking economic and penalty based damages from State Farm, Plaintiff also seeks compensation from State Farm for damages caused by improperly investigating the extensive losses associated with this case.

6. Plaintiff owns the Property.

7. Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from State Farm to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through her residential policy, 53GW75628, Plaintiff was objectively insured for the subject loss by Defendant.

8. On or around June 12, 2014, the Property suffered incredible damage due to storm related conditions.

9. In the aftermath, Plaintiff relied on State Farm to help begin the rebuilding process. By and through her residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10. Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, her residential policy covered Plaintiff during the time period in question.

11. Despite Plaintiff's efforts, State Farm continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12. Moreover, State Farm has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13. In the months following, Plaintiff provided information to State Farm, as well as provided opportunities for State Farm to inspect the Property. However, State Farm failed to conduct a fair investigation into the damage to the Property. Moreover, State Farm failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14. Despite State Farm's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to State Farm. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, State Farm failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this

date, Plaintiff has not received proper payment for her claim, even though notification was provided.

15.     State Farm has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. State Farm has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. State Farm did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     State Farm has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from State Farm in a timely manner.

17.     State Farm has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was State Farm that failed to conduct a reasonable investigation. Ultimately, State Farm performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     State Farm has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with State Farm. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.   In addition, State Farm has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.   All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.   All acts by State Farm were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of State Farm and/or were completed in its normal and routine course and scope of employment with State Farm.

## CLAIMS AGAINST DEFENDANT

23.   Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## A.
## NEGLIGENCE

24.   State Farm had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.   State Farm breached this duty in a number of ways, including but not limited to the following:

    a.   State Farm was to exercise due care in adjusting and paying policy
         proceeds regarding Plaintiff's Property loss;

    b.   State Farm had a duty to competently and completely handle and pay all
         damages associated with Plaintiff's Property; and/or

      c.     State Farm failed to properly complete all adjusting activities associated with Plaintiff.

25.    State Farm's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## B.
## BREACH OF CONTRACT

26.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.    According to the policy that Plaintiff purchased, State Farm had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.    As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.    Despite objective evidence of such damages, State Farm has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE
## PRACTICES ACT AND TIE-IN-STATUTES

30.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.    State Farm's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas

Business & Commerce Code.  State Farm collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

a.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d.  Using or employing an act or practice in violation of the Texas Insurance Code;

e.  Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.  Failure to properly investigate Plaintiff's claim; and/or

g.  Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist State Farm in low-balling and/or denying Plaintiff's damage claim.

32.     As described in this Original Petition, State Farm represented to Plaintiff that her insurance policy and State Farm's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.     As described in this Original Petition, State Farm represented to Plaintiff that its insurance policy and State Farm's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.     By representing that State Farm would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, State Farm has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     State Farm has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.  This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     State Farm's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     State Farm's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by State Farm to her detriment.  As a direct and proximate result of State Farm's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the above-described acts, omissions, and failures of State Farm are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because State Farm's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times

such actual damages, for State Farm having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to State Farm having intentionally committed such conduct.

40.     As a result of State Farm's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     State Farm's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).   Specifically, State Farm engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.      Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the

insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.    Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of State Farm, and Plaintiff relied upon these unfair or deceptive acts or practices by State Farm to her detriment.  Accordingly, State Farm became the insurer of Plaintiff.

44.    As a direct and proximate result of State Farm's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which she now sues.

45.    Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because State Farm's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for State Farm having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for State Farm having intentionally committed such conduct.

46.     As a result of State Farm's unfair and deceptive actions and conduct, Plaintiff has

been forced to retain the legal services of the undersigned attorneys to protect and pursue these

claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable and

necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business &

Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas

Insurance Code and any other such damages to which Plaintiff may show herself justly entitled

by law and in equity.

## E.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.     Plaintiff hereby incorporates by reference all facts and circumstances in the

foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, State Farm has breached its common

law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting

and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct

a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     State Farm has also breached this duty by unreasonably delaying payment of

Plaintiff's entire claims and by failing to settle Plaintiff's claims, as State Farm knew or should

have known that it was reasonably clear that Plaintiff's storm-related claims were covered.

These acts, omissions, failures, and conduct by State Farm is a proximate cause of Plaintiff's

damages.

## F.
## BREACH OF FIDUCIARY DUTY

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     State Farm had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, State Farm owed a duty of good faith and fair dealing to Plaintiff.  State Farm breached that fiduciary in that:

a.      The transaction was not fair and equitable to Plaintiff;

b.      State Farm did not make reasonable use of the confidence that Plaintiff placed upon it;

c.      State Farm did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d.      State Farm did not place the interests of Plaintiff before its own, and State Farm used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e.      State Farm placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.      State Farm did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.     State Farm is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by State Farm's conduct.

### G.
### UNFAIR INSURANCE PRACTICES

53.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.     Plaintiff has satisfied all conditions precedent to bringing these causes of action.  By its acts, omissions, failures, and conduct, State Farm has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.    Such violations include, without limitation, all the conduct described in this Original Petition, plus State Farm's failure to properly investigate Plaintiff's claim.  Plaintiff also includes State Farm's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and State Farm's failure to pay for the proper repair of Plaintiff's Property, as to which State Farm's liability had become reasonably clear.

56.    Additional violations include State Farm's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.  Plaintiff further includes State Farm's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as State Farm's misrepresentations of coverage under the subject insurance policy. Specifically, State Farm is also guilty of the following unfair insurance practices:

> a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;
>
> b.    Engaging in unfair claims settlement practices;
>
> c.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;
>
> d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which State Farm's liability had become reasonably clear;
>
> e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;
>
> f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or
>
> g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.     State Farm has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. State Farm's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.     State Farm is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, State Farm did not inform Plaintiff of certain exclusions in the policy.   Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her detriment.   As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.   State Farm is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that State Farm perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in her injuries and damages. Alternatively, State Farm fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on State Farm fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.     Plaintiff further alleges that because State Farm knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of State Farm, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against State Farm in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     State Farm has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     State Farm's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

## ADDITIONAL DAMAGES & PENALTIES

71.     State Farm's conduct was committed knowingly and intentionally.  Accordingly, State Farm is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## COMPEL MEDIATION

73.     Pursuant to §541.161 of the Texas Insurance Code and §17.5051 of the Texas Business and Commerce code, Plaintiff request that Defendant's be made to mediate no later than the 30th day of the signed order by the court.

## JURY DEMAND

74.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that State Farm disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

    a.     Please produce State Farm complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

    b.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

    c.     Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

    d.     Please produce the electronic diary, including the electronic and paper notes made by State Farm claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

    e.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

    f.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.    Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Farm intends to offer these items into evidence at trial.

## **INTERROGATORIES**

76.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a.    Please identify any person State Farm expects to call to testify at the time of trial.

b.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.    If State Farm or State Farm's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm or any of State Farm's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm's investigation.

e.    Please state the following concerning notice of claims and timing of payment:

i.    The date and manner in which State Farm received notice of the claim;

ii.    The date and manner in which State Farm acknowledged receipt of the claim;

iii.    The date and manner in which State Farm commenced investigation of the claim;

iv.    The date and manner in which State Farm requested from the

claimant all items, statements, and forms that State Farm reasonably believed, at the time, would be required from   the claimant; and

    v.    The date and manner in which State Farm notified the claimant in writing of the acceptance or rejection of the claim.

    f.    Please identify by date, amount and reason, the insurance proceed payments made by State Farm, or on State Farm's behalf, to the Plaintiff.

    g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

    h.    When was the date State Farm anticipated litigation?

    i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm's document retention policy.

    j.    Does State Farm contend that the insured premises was damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

    k.    Does State Farm contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

    l.    Does State Farm contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual basis for this contention.

    m.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

    i.    what performance measures are used; and
    ii.    describe State Farm's bonus or incentive plan for adjusters.

## CONCLUSION

77.    Plaintiff prays that judgment be entered against State Farm Fire and Casualty

Company, and that Plaintiff be awarded all of her actual damages, consequential damages,

prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of State Farm Fire and Casualty Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

## THE VOSS LAW FIRM, P.C.

/s/ James M. McClenny
**JAMES M. MCCLENNY**
Texas Bar No. 24091857
**BILL L. VOSS**
Texas Bar No. 24047043
**SCOTT G. HUNZIKER**
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
james@vosslawfirm.com
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFIED MAIL**®

DVA CONSULTING SERVICES
106 JACOBS MEADOW DRIVE
CONROE, TX 77384



7015 3430 0000 2206 8568



State Farm Fire and Casualty Co.
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701



**CORPORATION SERVICE COMPANY®**

**null / ALL**
**Transmittal Number: 15126550**
**Date Processed: 05/09/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire and Casualty Company |
| **Title of Action:** | Pamela M. Carroll vs. State Farm Fire and Casualty Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Montgomery County District Court, Texas |
| **Case/Reference No:** | 16-04-04509 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/09/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | James M. McClenny<br>713-861-0015 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# CITATION

Cause Number: 16-04-04509

Clerk of the Court
Barbara Gladden Adamick
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
James M. McClenny
26619 I-45 S
The Woodlands TX 77380

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:   State Farm Fire and Casualty Company
      211 East 7th Street Suite 620
      Austin TX 78701

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 13th day of April, 2016 numbered 16-04-04509 on the docket of said court, and styled, Pamela M. Carroll VS. State Farm Fire and Casualty Company

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 20th day of April, 2016.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: _____

Stella Luton, Deputy

# OFFICER'S RETURN

Cause No. 16-04-04509          Court No: 284th Judicial District Court
Style: Pamela M. Carroll VS. State Farm Fire and Casualty Company
To:       State Farm Fire and Casualty Company
Address:  211 East 7th Street Suite 620
          Austin TX  78701

Came to hand the 10th day of April        , 2016, at 4:00 P o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition, at the following times and places, to
wit:

Name          Date/Time        Place, Course and distance from Courthouse

_____ _____    _____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:

_____

And the cause of failure to execute this process is:

_____

And information received as to the whereabouts of said defendant(s) being:

_____

FEES:
Serving Petition and Copy      $_____
TOTAL                          $_____

                                        _____OFFICER
                                        _____County, Texas
                                        By: _____, Deputy

                            AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/___, and my
address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County,  State of _____, on the ___day of
_____, 20____.

                                        _____
                                        Declarant/Authorized Process Server

                                        _____
                                        ID# & Exp. Of Certification

Received and E-Filed for Record
2/26/2016 8:20:47 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

## CIVIL PROCESS REQUEST FORM

### For Each Party Served You Must Furnish (1) Copy of the Pleading

Cause No. 16-04-04509          Court 284th

**Service to be issued as follows:**

1. Name: State Farm
   Agent:
   Address: 211 East 7th Street, Suite 620
   City: Austin          State: TX     Zip: 78701

Instrument to be served: Plaintiff's original Petition

| Service by: | Personal Citation ✓ | Restrict Del._____ | Non-Resident_____ |
|---|---|---|---|
| | Certified Mail ✓ | Publication_____ | Posting_____ |
| | Other:_____ | | |

2. Name:
   Agent:
   Address:
   City:          State:_____     Zip:_____

Instrument to be served:

| Service by: | Personal Citation_____ | Restrict Del._____ | Non-Resident_____ |
|---|---|---|---|
| | Certified Mail_____ | Publication_____ | Posting_____ |
| | Other:_____ | | |

Attorney or Party requesting issuance of service:
Name: James M. McClenny
Address: 26010 Interstate 45, the Woodlands, TX 77380
Telephone No: 713 861 0015          Bar No: 24091857

Service to be returned by **Mail** or *Pickup* (circle one)
Contact the following for pickup:
Civil Process Server:
Telephone No:
Attorney:          Telephone No:

Barbara Gladden Adamick, District Clerk
P.O. Box 2985
Conroe, TX 77305
(936) 539-7855

Revised 9/18/12

Received and E-Filed for Record
5/27/2016 2:50:15 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

## CAUSE NO. 16-04-04509

| | | |
|---|---|---|
| **PAMELA M. CARROLL** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **284TH JUDICIAL DISTRICT** |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, Defendant in the above-entitled and numbered cause, and files this Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions and would respectfully show the Court and Jury as follows:

### I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and demands strict proof thereof.

### II.

Defendant reserves the right to amend this Answer pursuant to the said Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, **STATE FARM LLOYDS**, prays that it be released and discharged of the charges filed against it, that Plaintiff take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

    **DALE M. "RETT" HOLIDY**
    State Bar No. 00792937
    Three Allen Center
    333 Clay Street, Suite 4950
    Houston, Texas 77002
    (713) 650-1313 - Telephone
    (713) 739-7420 – Facsimile
    rholidy@germer.com - Email

**ATTORNEY FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 27th day of May, 2016.

James McClenny                        **<u>Via E-Service</u>**
Bill L. Voss
Scott G. Hunziker
The Voss Law Firm, P.C.
26619 Interstate 45 South

_____

**DALE M. "RETT" HOLIDY**

2

Print this page

# Case # 16-04-04509 - Pamela M. Carroll VS. State Farm Fire and Casualty Company (Wood, Cara)

### Case Information

| | |
|---|---|
| Location | Montgomery County - 284th Judicial District Court |
| Date Filed | 05/27/2016 02:50:15 PM |
| Case Number | 16-04-04509 |
| Case Description | Pamela M. Carroll VS. State Farm Fire and Casualty Company |
| Assigned to Judge | Wood, Cara |
| Attorney | Rett Holidy |
| Firm Name | Germer PLLC |
| Filed By | Erika Lopez |
| Filer Type | Not Applicable |

### Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

### Payment

| | |
|---|---|
| Account Name | File & ServeXpress CC |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 17511244 |
| Order # | 010871413-0 |

### DC-Original Answer

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | DC-Original Answer |
| Filing Description | Defendant's Original Answer |
| Reference Number | 90133 |
| Comments | |

| Status | Accepted |
|---|---|
| Accepted Date | 05/31/2016 10:33:16 AM |

**Fees**

| Court Fee | $0.00 |
|---|---|
| Service Fee | $0.00 |

**Documents**

| *Lead Document* | Answer.pdf | [Original] | [Transmitted] |
|---|---|---|---|

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| James McClenny<br>james@vosslawfirm.com | The Voss Law Firm, P.C. | EServe | Sent | Yes | Not Opened |
| Tiffany Wozniak<br>tiffany@vosslawfirm.com | The Voss Law Firm, P.C. | EServe | Sent | Yes | Not Opened |
| Bill L. Voss<br>bill.voss@vosslawfirm.com | | EServe | Sent | Yes | Not Opened |
| Scott Hunziker<br>scott@vosslawfirm.com | The Voss Law Firm | EServe | Sent | Yes | Not Opened |

CAUSE NO. 16-04-04509

| | | |
|---|---|---|
| **PAMELA M. CARROLL,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **STATE FARM FIRE AND CASUALTY** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | **248th JUDICIAL DISTRICT** |

---

## PLAINTIFF'S FIRST AMENDED PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW** Pamela M. Carroll (hereinafter "Plaintiff"), and complains of State farm Lloyds, erroneously named as Defendant in Plaintiff's Original Petition as State Farm Fire and Casualty Company.  Plaintiff hereby substitutes State Farm Fire and Casualty Company for the correct party in interest, State Farm Lloyds, (hereinafter "State Farm"). Plaintiff accordingly non-suits State Farm Fire and Casualty Company through this substitution.

    In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

### <u>DISCOVERY LEVEL</u>

1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law.   Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court.   Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Conroe, in Montgomery County, Texas.

## PARTIES

3.      Plaintiff is an individual whose residence is located in Conroe, Montgomery County, Texas.

4.      Defendant State Farm is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant will receive service by email, through their attorney of record.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 11698 Creek View Lane, Conroe, Texas 77385, (the "Property").   In addition to seeking economic and penalty based damages from State Farm, Plaintiff also seeks compensation from State Farm for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from State Farm to cover the Property at issue in this case for a loss due to storm-related

events.   Plaintiff's Property suffered storm-related damage. Through her residential policy, 53GW75628, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around June 12, 2014, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on State Farm to help begin the rebuilding process.  By and through her residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to her obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, her residential policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, State Farm continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, State Farm has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to State Farm, as well as provided opportunities for State Farm to inspect the Property.   However, State Farm failed to conduct a fair investigation into the damage to the Property.   Moreover, State Farm failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.     Despite State Farm's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to State Farm.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, State Farm failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this date, Plaintiff has not received proper payment for her claim, even though notification was provided.

15.     State Farm has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  State Farm has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.   State Farm did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     State Farm has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from State Farm in a timely manner.

17.     State Farm has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was State Farm that failed to conduct a reasonable investigation.   Ultimately, State Farm performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     State Farm has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.    As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with State Farm.   Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, State Farm has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.   As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.    All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.    All acts by State Farm were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of State Farm and/or were completed in its normal and routine course and scope of employment with State Farm.

## CLAIMS AGAINST DEFENDANT

23.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.    State Farm had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.   State Farm breached this duty in a number of ways, including but not limited to the following:

a.    State Farm was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

b.    State Farm had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

c.    State Farm failed to properly complete all adjusting activities associated with Plaintiff.

25.    State Farm's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

**B.**
**BREACH OF CONTRACT**

26.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.    According to the policy that Plaintiff purchased, State Farm had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.    As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.    Despite objective evidence of such damages, State Farm has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE
## PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     State Farm's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.  State Farm collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

a.      Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b.      Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c.      Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d.      Using or employing an act or practice in violation of the Texas Insurance Code;

e.      Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.      Failure to properly investigate Plaintiff's claim; and/or

g.      Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist State Farm in low-balling and/or denying Plaintiff's damage claim.

32.     As described in this Original Petition, State Farm represented to Plaintiff that her insurance policy and State Farm's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.     As described in this Original Petition, State Farm represented to Plaintiff that its insurance policy and State Farm's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.     By representing that State Farm would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, State Farm has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     State Farm has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.  This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     State Farm's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     State Farm's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by State Farm to her detriment.  As a direct and proximate result of State Farm's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the above-described acts, omissions, and failures of State Farm are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because State Farm's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for State Farm having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to State Farm having intentionally committed such conduct.

40.     As a result of State Farm's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

### D.
### VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     State Farm's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).   Specifically, State Farm engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.      Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.      Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.      Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.      Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.     Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of State Farm, and Plaintiff relied upon these unfair or deceptive acts or practices by State Farm to her detriment.   Accordingly, State Farm became the insurer of Plaintiff.

44.     As a direct and proximate result of State Farm's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which she now sues.

45.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because State Farm's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for State Farm having knowingly committed such conduct.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for State Farm having intentionally committed such conduct.

46.     As a result of State Farm's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

## E.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

47.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, State Farm has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     State Farm has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as State Farm knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by State Farm is a proximate cause of Plaintiff's damages.

**F.**
**BREACH OF FIDUCIARY DUTY**

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     State Farm had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, State Farm owed a duty of good faith and fair dealing to Plaintiff.  State Farm breached that fiduciary in that:

   a.     The transaction was not fair and equitable to Plaintiff;

   b.     State Farm did not make reasonable use of the confidence that Plaintiff placed upon it;

   c.     State Farm did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

   d.     State Farm did not place the interests of Plaintiff before its own, and State Farm used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e.      State Farm placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.      State Farm did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.     State Farm is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by State Farm's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.     Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, State Farm has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.     Such violations include, without limitation, all the conduct described in this Original Petition, plus State Farm's failure to properly investigate Plaintiff's claim.  Plaintiff also includes State Farm's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and State Farm's failure to pay for the proper repair of Plaintiff's Property, as to which State Farm's liability had become reasonably clear.

56.     Additional violations include State Farm's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.  Plaintiff further includes State Farm's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as State Farm's misrepresentations of coverage under the subject insurance policy. Specifically, State Farm is also guilty of the following unfair insurance practices:

a.      Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

b.      Engaging in unfair claims settlement practices;

c.      Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d.      Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which State Farm's liability had become reasonably clear;

e.      Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

f.      Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

g.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    State Farm has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. State Farm's conduct as described herein has resulted in Plaintiff's damages that are described in this Amended Petition.

## H.
## MISREPRESENTATION

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.    State Farm is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, State Farm did not inform Plaintiff of certain exclusions in the policy.   Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to her

detriment.   As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  State Farm is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that State Farm perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in her injuries and damages. Alternatively, State Farm fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on State Farm fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.     Plaintiff further alleges that because State Farm knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of State Farm, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against State Farm in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     State Farm has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     State Farm's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

## ADDITIONAL DAMAGES & PENALTIES

71.     State Farm's conduct was committed knowingly and intentionally.  Accordingly, State Farm is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## COMPEL MEDIATION

73.     Pursuant to §541.161 of the Texas Insurance Code and §17.5051 of the Texas Business and Commerce code, Plaintiff request that Defendant's be made to mediate no later than the 30th day of the signed order by the court.

## JURY DEMAND

74.     Plaintiff demands a jury trial and tenders the appropriate fee with this Amended Petition.

## REQUEST FOR DISCLOSURE

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that State Farm disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

> a.     Please produce State Farm complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

c.     Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.     Please produce the electronic diary, including the electronic and paper notes made by State Farm claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Farm intends to offer these items into evidence at trial.

## **INTERROGATORIES**

76.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

a.     Please identify any person State Farm expects to call to testify at the time of trial.

b.     Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.    If State Farm or State Farm's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm or any of State Farm's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm's investigation.

e.    Please state the following concerning notice of claims and timing of payment:

      i.    The date and manner in which State Farm received  notice  of  the claim;

      ii.    The date and manner in which State Farm acknowledged receipt of the  claim;

      iii.    The date and manner in which State Farm commenced investigation of the claim;

      iv.    The date and manner in which State Farm requested from the claimant all items, statements, and forms that State Farm reasonably believed, at the time, would be required from    t h e claimant; and

      v.    The date and manner in which State Farm notified the claimant in writing of the acceptance or rejection of the claim.

f.    Please identify by date, amount and reason, the insurance proceed payments made by State Farm, or on State Farm's behalf, to the Plaintiff.

g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.    When was the date State Farm anticipated litigation?

i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm's document retention policy.

j.    Does State Farm contend that the insured premises was damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

k.   Does State Farm contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.   Does State Farm contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual basis for this contention.

m.   How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

   i.   what performance measures are used; and
   ii.   describe State Farm's bonus or incentive plan for adjusters.

## **CONCLUSION**

77.   Plaintiff prays that judgment be entered against State Farm Lloyds, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Amended Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of State Farm Fire Lloyds, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.

/s/  Ahsan Hasnani
**AHSAN HASNANI**
Texas Bar No. 24090153
**BILL L. VOSS**
Texas Bar No. 24047043
**SCOTT G. HUNZIKER**
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
ahsan@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, in accordance with the Texas Rules of Civil Procedure, as indicated below on the 6th day of June 2016:

/s/  Ahsan Hasnani
**AHSAN HASNANI**

Rett Holidy
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
Phone: (713) 830-1213
Fax: (713) 739-7420
rholidy@germer.com
VIA EMAIL

CAUSE NO. 16-04-04509

| | | |
|---|---|---|
| PAMELA M. CARROLL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 284TH JUDICIAL DISTRICT |

## DEFENDANT'S FIRST AMENDED ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant STATE FARM LLOYDS ("State Farm") files its First Amended Answer and Special Exceptions to the allegations contained in Plaintiff's First Amended Petition, and all subsequent amended or supplemented petitions filed against it, and show as follows:

### I.
### GENERAL DENIAL

1.     Defendant generally denies all of the material allegations contained in Plaintiff's First Amended Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's First Amended Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.     **Policy Coverage Provisions**.  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period.  Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.     **Deductible/Offset**.  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

**4.** **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

**5.** **Failure of Policy Conditions/Conditions Precedent.** Defendant hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the policy requiring Plaintiff to protect the property from further damage, which reads as follows:

**SECTION I – CONDITIONS**

\* \* \* \* \*

2. **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

   a. give immediate notice to us or our agent…

   b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

\* \* \* \* \*

   d. as often as we reasonably require:

      (1) exhibit the damaged property;
      (2) provide us with records and documents we request and permit us to make copies;

Plaintiff failed to comply with these conditions precedent because she failed to report the claim made the basis of this lawsuit until July 29, 2014, approximately 6 weeks after the June 12, 2014 date of loss. This delay in reporting Plaintiff's claim is unreasonable and prejudiced State Farm's investigations of her claim. Based on the limited information available at the time Plaintiff submitted her claim, on information and belief, Plaintiff failed to protect the property

2

from further damage during the considerable delay between when Plaintiff alleges the damage occurred and when Plaintiff submitted her claim approximately 6 weeks later.  Further, it appears additional damages may have occurred or arisen after State Farm's initial inspection, without any indication such damage occurred as a result of the wind or hail event reported in connection with this date of loss. Plaintiff cannot recover, in whole or in part, on Plaintiff's breach of contract cause of action and, consequently, on all of the other causes of action alleged in Plaintiff's First Amended Petition, because of Plaintiff's failure to satisfy the conditions precedent contained in the policy at issue.

6.     **Pre-Existing Damages**.  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's First Amended Petition, none being admitted, pre-existed the alleged occurrence of hail, wind, or wind-driven rain.

7.     **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's First Amended Petition, none being admitted, were proximately caused in whole or in part by normal wear and tear, leakage or other causes occurring over time.  The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

*  *  *  *  *

g.     wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

h.     corrosion, electrolysis or rust;

     i.      wet or dry rot;

*  *  *  *  *

     l.      settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

*  *  *  *  *

3.    We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

     b.     defect, weakness, inadequacy, fault or soundness in:

          (1)     planning, zoning, development, surveying, sitting;

          (2)     design, specifications, workmanship, construction, grading, compaction;

          (3)     materials used in construction or repair; or

          (4)     maintenance:

          of any property (including land, structures, or improvements of any kind) whether on or off the residence premises;

Plaintiff has claimed roof, structural, exterior, and/or interior damage that resulted, in whole or in part, from and appears to have occurred over time as a result of age and deterioration, including wear, tear, deterioration, corrosion, rust, wet or dry rot, cracking and/or shrinking over time, which condition is specifically excluded under the policy at issue.

**8.**    **Neglect**.  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's First Amended Petition, none being admitted, were proximately caused, in whole or in part, by neglect.  The policy at issue specifically provides:

4

## SECTION I – LOSSES NOT INSURED

2.     We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs

\*  \*  \*  \*  \*

d.     **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

\*  \*  \*  \*  \*

In the Amended Petition, Plaintiff appears to claim roof, structural, exterior, and/or interior damage that resulted, in whole or in part, from neglect, which condition is specifically excluded under the policy at issue.

**9.**     **Bona Fide/Legitimate Dispute**.  A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**10.**     **Cap on Punitive Damages**.  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**11.**   **Chapter 38 Attorney's Fees**.   Plaintiff cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code.   "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract."   Tex. Civ. Prac. & Rem. Code § 38.001(8).   Chapter 38 does not apply to State Farm because it is an unincorporated association of underwriters. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

**12.**   **Excessive Demand.**   Defendant further asserts that Plaintiff's claim for attorney's fees is barred in whole or in part by the doctrine of excessive demand.   Plaintiff's untimely insurance code letter included a settlement demand in the amount of $423,000.00.   Defendant would show that this is an unreasonable and excessive demand.

**13**.   **Policy Period.**   Defendant would show that pursuant to the following provision of the policy insurance, coverage is limited to a covered loss which occurs within the time period during which the Policy was in effect:

### SECTION I AND II – CONDITIONS

> **1. Policy Period.**   This policy applies only to loss under Section I …which occurs during the period this policy is in effect.

To the extent Plaintiff is seeking to recover for damage that occurred to the property before or after the policy period in question, any such damage is not covered under this specific provision in the policy. Policy No. 53-GW-7562-8 was in effect for the period May 26, 2014 to May 26, 2015, subject to the terms and conditions therein.

14.    **Recovery Limitations.**    Pursuant to the following provisions of the Policy, Plaintiff's entitlement to recover under the Dwelling and Personal Property coverages of the Policy is subject to the following terms, conditions, and limitations:

### COVERAGE A LOSS SETTLEMENT ENDORSEMENT

### SECTION I – LOSS SETTLEMENT

**COVERAGE A – DWELLING** (Applicable to HOMEOWNERS POLICY)

**A1 – Replacement Cost Loss Settlement – Similar Construction**
is replaced with the following:

    a.    We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE – A DWELLING**, except for wood fences, subject to the following:

    (1)    until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

    (2)    when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

    (3)    to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damage part of the property within two years after the date of loss , and notify us within 30 days after the work has been completed; and

    (4)    we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage**.

   b.   Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A-DWELLING EXTENSION.

## OPTIONAL POLICY PROVISIONS

**Option ID - Increased Dwelling Limit** (Applicable to HOMEOWNERS

POLICY) This section is replaced with the following:

**Option ID - Increased Dwelling Limit.** We will settle losses to damaged building structures covered under **COVERAGE A - DWELLING** according to the **SECTION I- LOSS SETTLEMENT** provision shown in the **Declarations**.

If the amount you actually and necessarily spend to repair or replace damaged building structures exceeds the applicable limit of liability shown in the **Declarations**, we will pay the additional amounts not to exceed:

   1. the Option ID limit of liability shown in the Declarations to repair or replace the Dwelling; or

   2. 10% of the Option I D limit of liability to repair or replace building structures covered under **COVERAGE A - DWELLING, Dwelling Extension.**

Report Increased Values. You must notify us within 90 days of the start of any new building structure costing $5,000 or more; or any additions to or remodeling of building structures which increase their values by $5,000 or more. You must pay any additional premium due for the increased value. We will not pay more than the applicable limit of liability shown in the **Declarations**, if you fail to notify us of the increased value within 90 days.

**Option OL – Building Ordinance or Law** (Applicable to HOMEOWNERS' POLICY)

This section is replaced with the following:

   1. **Coverage Provided**

   The total limit of insurance provided by this Building Ordinance or Law provision will not exceed an amount equal to the Option OL percentage shown in the **Declarations** of Coverage A limit shown in the **Declarations** at the time of the loss, as adjusted by the inflation coverage provisions of the policy. This is an additional amount of insurance and applies only to the dwelling.

8

**2. Damaged Portions of Dwelling.**

When the dwelling covered under **COVERAGE A – DWELLING** is damaged by a Loss Insured we will pay for the increased cost to repair or rebuild the physically damaged portion of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs.

**3. Undamaged Portion of the Damaged Dwelling.**

When the dwelling covered under **COVERAGE A – DWELLING** is damaged by a Loss Insured we will also pay for:

a. the cost to demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs;

b. loss to the undamaged portion of the dwelling caused by enforcement of any ordinance of law if:

   (1) the enforcement is directly caused by the same Loss Insured;

   (2) the enforcement requires the demolition of portions of the same dwelling not damaged by the same Loss Insured;

   (3) the ordinance or law regulates the construction or repair of the dwelling, or establishes zoning or land use requirements at the described premises; and

   (4) the ordinance or law is in force at the time of the occurrence of the same Loss Insured; or

c. legally required changes to the undamaged portions of any specific dwelling features, dwelling systems or dwelling components caused by the enforcement of a building, zoning or land use ordinance or law if:

   (1) the enforcement is directly caused by the same Loss Insured; and

   (2) the requirement is in effect at the time the Loss Insured occurs.

We will not pay for legally required changes to specific dwelling features, dwelling systems or dwelling components that have not been physically damaged by the Loss Insured.

4. **Building Ordinance or Law Coverage Limitations.**

    a.  We will not pay for any increased cost of construction under this coverage:

        (1) Until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and

        (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

    b.  We will not pay more for loss to the undamaged potion of the dwelling caused by the enforcement of any ordinance or law than:

        (1) the depreciated value of the undamaged portion of the dwelling, if the dwelling is not repaired or replaced;

        (2) the amount you actually spend to replace the undamaged portion of the dwelling if the dwelling is repaired or replaced.

    c.  We will not pay more under this coverage than the amount you actually spend:

        (1) For the increased cost to repair or rebuild the dwelling at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and

        (2) To demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of building, zoning or land use ordinance or law.

We will never pay for more than a dwelling of the same height, floor area and style on the same or similar premises as the dwelling, subject to the limit provided in paragraph 1. **Coverage Provided** of this option.

If the dwelling is located in an area which is eligible for coverage through the Texas Windstorm Insurance Association, the coverage described above, also applies to the increased cost you incur due to repair, replacement or demolition required for the dwelling to comply with the building specifications contained in the Texas Windstorm Insurance Association's plan of operation.

All other policy provisions apply.

## SECTION I – LOSS SETTLEMENT

**COVERAGE B-PERSONAL PROPERTY**

1. **B1-Limited Replacement Cost Loss Settlement**

   a. We will pay the cost to repair or replace property covered under **SECTION 1-COVERAGES, COVERAGE B-PERSONAL PROPERTY,** except for property listed in item b. below, subject to the following:

      (1) until repair or replacement is completed, we will pay only the cost to repair or replace less depreciation;

      (2) after repair or replacement is completed, we will pay the difference between the cost to repair or replace less depreciation and the cost you have actually and necessarily spent to repair or replace the property; and

      (3) if property is not repaired or replaced within two years after the date of loss, we will pay only the cost to repair or replace less depreciation.

   b. We will pay market value at the time of loss for:

      (1) antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;

      (2) articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs and collectors items; and

      (3) property not useful for its intended purpose.

   However, we will not pay an amount exceeding the smallest of the following for items a. and b. above:

      (1) our cost to replace at the time of loss;

      (2) the full cost of repair;

      (3) any special limit of liability described in the policy; or

      (4) any applicable Coverage B limit of liability.

   **15.** **Policy Conditions.** Pleading further, and without waiving any of Defendant's rights to re-plead at a later date, Defendant would show that the policy provisions set forth below

11

could potentially apply in this case. Therefore, to the extent applicable, Defendant assert the policy provisions and/or policy defenses set forth below. The policy includes the following provisions:

## DECLARATIONS CONTINUED

We agree to provide the insurance described in this policy:

> ...
>
> 2.  based on your compliance with all applicable provisions of this policy; and
>
> You agree, by acceptance of this policy, that:
>
> 1.  you will ... comply with the provisions of the policy;
>
> ...
>
> 4.   this policy contains all of the agreements between you and us and any of our agents.

**16.**    **Payment Conditions.**  Payment for Plaintiff's claim under the Policy is subject to the following endorsement and conditions:

## SECTION I – CONDITIONS

> 8.  **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.
>
> …
>
> 10. **Mortgage Clause** (without contribution).
>
> …
>
> > b.  We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the **Declarations** as interests appear.

12

17.     **Written Notice of Claim.**  Defendant would show that Plaintiff failed to provide State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim means' means any written notification provided by a claimant to an insurer that reasonably appraises the insurer of the fact relating to the claim." Proper written notification of claim was not provided by Plaintiff.

18.     **Proof of Loss.**  Defendant would show that Plaintiff failed to submit all items, statements, and forms required to secure final proof of loss as that term is used in §542.056 of the Texas Insurance Code. Based upon the pleadings and discovery completed to date, Plaintiff is claiming a scope of damage that exceeds the scope of damage identified by Plaintiff during the claim handling process.

19.     **Pre-suit Notice Letter.**  Defendant would show that Plaintiff failed to provide State Farm with the proper written notice required by §541.154 of the Texas Insurance Code.  As of the time of this filing, Plaintiff has not provided a proper demand letter, and, therefore, under §541.154 of the Texas Insurance Code, she is not entitled to attorney's fees.

### III.
### SPECIAL EXCEPTIONS

20.     **Failure to Set Forth Specific Claims/Facts – Breach of Contract**.  State Farm specially excepts to Plaintiff's First Amended Petition because the vague and indefinite breach of contract claim fails to provide fair notice of: (1) the facts of the loss or losses allegedly sustained by Plaintiff; (2) the facts showing Plaintiff's alleged loss or losses were covered under the terms of the Insurance Policy at issue; and (3) the acts and/or omissions by State Farm which allegedly amount to a breach of State Farm's contractual obligations, if any, to Plaintiff. *Subia v. Texas Dep't of Human Serv.,* 750 S.W.2d 827, 829 (Tex. App. — El Paso 1988, no writ) (trial court can order the plaintiffs to specifically plead a cause of action which was originally pleaded in general

13

terms).  Accordingly, Plaintiff should be required to amend her claim for breach of contract and state with particularity: (1) facts supporting the alleged loss; (2) facts demonstrating the portion of the loss covered by the contract of insurance in question; (3) facts of the acts and/or omissions by State Farm which allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for State Farm's alleged breach of contract.

**21.    Failure to Identify the Date the Breach of Contract Occurred**.  State Farm specially excepts to Plaintiff's First Amended Petition in its entirety because it is impermissibly vague in that it fails to set forth the date the alleged breach of contract occurred.  Therefore, Plaintiff should be required to file an amended pleading setting forth the date the alleged breach of contract occurred.

**22. Failure to Set Forth Specific Claims/Facts — Negligence.** State Farm specially excepts to Plaintiff's First Amended Petition because Plaintiff failed to provide facts to support her allegation that her alleged losses fall outside the subject matter of the policy.  In this regard, any such negligence claim is barred by the economic-loss rule.

**23.    Failure to Set Forth Specific Claims/Facts – Breach of Duty of Good Faith and Fair Dealing**.  State Farm specially excepts to Plaintiff's First Amended Petition because Plaintiff's vague and indefinite claims for breach of the duty of good faith and fair dealing set forth therein fail to give State Farm fair notice of the bad faith claims, if any, against it.  Plaintiff has failed to give fair and adequate notice of facts and evidence upon which she bases such claims.  Plaintiff should be required to file an amended pleading setting forth facts to support her claims for bad faith.

24.     **Failure to Set Forth Specific Claims/Facts — Chapter 541 of the Texas Insurance Code.**  Defendant specially except to Plaintiff's First Amended Petition because Plaintiff's vague and indefinite claims regarding Defendant's alleged violations of Chapter 541 of the Texas Insurance Code are deficient.  Specifically, Plaintiff has failed to provide timely notice of her intent to seek damages under the Texas Insurance Code.  Moreover, Plaintiff failed to give Defendant fair notice of the facts and circumstances supporting the alleged Insurance Code violations. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances).  Plaintiff should be required to file an amended pleading which sets forth facts to support her claims for Defendant's alleged violations of Section 541 of the Texas Insurance Code, as well as damages related thereto.

25.     **Failure to Set Forth Specific Claims/Facts — Chapter 542 of the Texas Insurance Code.**  State Farm specially excepts to Plaintiff's First Amended Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Section 542.060 of the Texas Insurance Code are deficient. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff failed to give fair notice of the facts and circumstances supporting the violations she has asserted in her First Amended Petition. As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for State Farm's alleged violations of Section 542.060 of the Texas Insurance Code violations, as well as damages related thereto.

26.     **Failure to Set Forth Specific Claims/Facts — Texas Deceptive Trade Practices Act.**  Defendant specially excepts to Plaintiff's First Amended Petition because Plaintiff's vague and indefinite claims regarding Defendant's alleged violations of the DTPA are inadequate.  Specifically, Plaintiff has failed to provide timely notice of her intent to seek

damages under the DTPA.  Moreover, Plaintiff failed to give Defendant fair notice of the facts and circumstances supporting the alleged DTPA violations. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to support his claims for Defendant's alleged violations of the DTPA, as well as damages related thereto.

**27. Failure to Set Forth Specific Claims/Facts — Breach of Fiduciary Duty.** State Farm specially excepts to Plaintiff's First Amended Petition because Plaintiff failed to provide facts to support her allegation that State Farm maintained a fiduciary relationship with Plaintiff and how State Farm breached such relationship. Texas courts have refused to impose general fiduciary duties between an insurer and its insured. *See Coterill–Jenkins v. Texas Med. Assoc. Health Care Liability Claim Trust*, 383 S.W.3d 581, 593 n.7 (Tex. App.–Houston [14th Dist.] 2012, pet. denied) (no general fiduciary duty between insurer and insured); *E.R. Dupuis Concrete Co. v. Penn Mut. Life Ins. Co.*, 137 S.W.3d 311, 318 (Tex. App.–Beaumont 2004, no pet.) (same); *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.– Houston [1st Dist.] 2003, pet. denied) (same). Accordingly, Plaintiff should be required to file an amended pleading which sets forth facts to support her claims for State Farm's alleged breaches of any legally recognize fiduciary responsibilities, as well as damages related thereto.

**28. Failure to Set Forth Specific Claims/Facts — Fraud/Negligent Misrepresentation.** State Farm specially excepts to Plaintiff's First Amended Petition because Plaintiff failed to provide facts to support her allegation that State Farm either intentionally or unintentionally engaged in any sort of fraudulent behavior (in the affirmative or through concealment) which caused Plaintiff to sustain damages. More particularly, Plaintiff wholly

16

failed to reasonably specify what material misrepresentations State Farm made to Plaintiff (or kept from Plaintiff), how State Farm did so with the legally required mens rea; and how Plaintiff was damaged as a result thereof.

29.     **Failure to Set Forth Specific Claims/Facts — Plaintiff's Claims for Knowing and/or Intentional Conduct**.  Defendant specially excepts to Plaintiff's First Amended Petition because Plaintiff failed to provide facts to support her allegation Defendant acted wrongfully with knowledge and intent to cause harm.  Pleading sufficient facts is necessary to inform Defendant of what it is called upon to answer and to enable Defendant to prepare its defense.  As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for knowing and/or intentional conduct, as well as alleged damage related thereto.

30.     **Failure to Set Forth Specific Claims/Facts – Plaintiff's Claim for Attorney's Fees for Breach of Contract.**  Defendant specially excepts to Plaintiff's First Amended Petition because Plaintiff has failed to provide a statutory basis for seeking attorney's fees against Defendant.  Further, Plaintiff has failed to provide sufficient notice of facts, sufficient demand or the amount of attorney's fees incurred for the purpose of satisfying the requirements of TEX. CIV. PRAC. & REM. CODE Chapter 38.

**WHEREFORE, PREMISES CONSIDERED**, Defendant STATE FARM LLOYDS respectfully requests the Court sustain its special exceptions to Plaintiff's First Amended Petition; and, upon final trial and hearing hereof, that Plaintiff takes nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

    **DALE M. "RETT" HOLIDY**
State Bar No. 00792937
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com – Email

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 8th day of June, 2016.

Ahsan Hasnani                            **VIA E-SERVICE**
Scott Hunziker
THE VOSS LAW FIRM, P.C.,
26619 Interstate 45 South
The Woodlands, Texas 77380

_____

**DALE M. "RETT" HOLIDY**

18

## Envelope Information

**Envelope Id**
11042924

**Submitted Date**
6/8/2016 2:40 PM CDT

**Submitted User Name**
erikalopez.gb@fsxclient.com

## Case Information

**Location**
Montgomery County - 284th
Judicial District Court

**Category**
Civil - Contract

**Case Type**
Debt/Contract - Debt/Contract >
$200,001

**Case Initiation Date**
4/13/2016

**Case #**
16-04-04509

**Assigned to Judge**
Wood, Cara

**Firm Name**
Germer PLLC

**Filed By**
Erika Lopez

## Party Information

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Plaintiff | Pamela M. Carroll | James McClenny |
| Defendant | State Farm Fire and Casu… | Dale Holidy |

## Filings

| Filing Code | Reference Number | Filing Description |
|---|---|---|
| Answer/Response | 90133 | Defendant's First Amended An… |

## Filing Details

**Filing Type**
EFileAndServe

**Filing Code**
Answer/Response

**Filing Description**
Defendant's First Amended
Answer and Special Exceptions

**Reference Number**
90133

**Filing Status**
Submitted

## Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Defendant's First Amended Answer.pdf *54.19 kB* | Defendant's First Amended Answer.pdf | Does not contain sensitive data | Original Fil |

## eService Details

| Status | Name | Firm |
|---|---|---|
| Sent | Bill L. Voss | |
| Sent | Scott Hunziker | The Voss Law Firm |
| Sent | James McClenny | The Voss Law Firm, P.C. |
| Sent | Tiffany Wozniak | The Voss Law Firm, P.C. |
| Sent | Ahsan Hasnani | THE VOSS LAW FIRM, P.C. |

## Optional Services

| Optional Service | Quantity | Fee Amount |
|---|---|---|

## Service Contacts

| Name | Email |
|---|---|

▶ **Party:** Pamela M. Carroll - Plaintiff

▶ **Party:** State Farm Fire and Casualty Company - Defendant

▼ Other Service Contacts

| | |
|---|---|
| Ahsan Hasnani | ahsan@vosslawfirm.com |
| Scott Hunziker | scott@vosslawfirm.com |
| James McClenny | james@vosslawfirm.com |
| Bill L. Voss | bill.voss@vosslawfirm.com |

Tiffany Wozniak                              tiffany@vosslawfirm.com

## Parties with No eService

| Name | Address |
|------|---------|
| Pamela M. Carroll | |
| State Farm Fire and Casualty Company | 211 East 7th Street, Suite 620 Austin Texa… |

## Fees

### ▼ Answer/Response

| Description | Amount |
|-------------|--------|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

| | |
|--|--|
| Total Filing Fee | $0.00 |
| | **Envelope Total:** $0.00 |

| | | | |
|--|--|--|--|
| **Party Responsible for Fees** | State Farm Fire and Casualty Company | **Transaction Amount** | $0.00 |
| **Payment Account** | File & ServeXpress CC | **Transaction Id** | 17773776 |
| **Filing Attorney** | Rett Holidy | **Order Id** | 011042924-0 |
| **Filer Type** | Not Applicable | **Transaction Response** | Authorized |

© 2016 Tyler Technologies                              Version: 3.13.6.52

CAUSE NO. 16-04-04509

| PAMELA M. CARROLL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 284TH JUDICIAL DISTRICT |

## DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury. The requisite jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

GERMER PLLC

By: _____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 Telephone
(713) 739-7420 Facsimile
rholidy@germer.com - Email

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 8th day of June, 2016.

Ahsan Hasnani                                                                        VIA E-SERVICE
Scott Hunziker
THE VOSS LAW FIRM, P.C.,
26619 Interstate 45 South
The Woodlands, Texas 77380


_____
**DALE M. "RETT" HOLIDY**

2

## Envelope Information

**Envelope Id**
11043147

**Submitted Date**
6/8/2016 2:43 PM CDT

**Submitted User Name**
erikalopez.gb@fsxclient.com

## Case Information

**Location**
Montgomery County - 284th
Judicial District Court

**Category**
Civil - Contract

**Case Type**
Debt/Contract - Debt/Contract >
$200,001

**Case Initiation Date**
4/13/2016

**Case #**
16-04-04509

**Assigned to Judge**
Wood, Cara

**Firm Name**
Germer PLLC

**Filed By**
Erika Lopez

## Party Information

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Plaintiff | Pamela M. Carroll | James McClenny |
| Defendant | State Farm Fire and Casu… | Dale Holidy |

## Filings

| Filing Code | Reference Number | Filing Description |
|---|---|---|
| No Fee Documents | 90133 | Demand for Jury Trial |

### Filing Details

**Filing Type**
EFileAndServe

**Filing Code**
No Fee Documents

**Filing Description**
Demand for Jury Trial

**Reference Number**
90133

**Filing Status**
Submitted

## Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Defendant's Jury Demand.pdf *12.02 kB* | Defendant's Jury Demand.pdf | Does not contain sensitive data | Original Fil |

## eService Details

| Status | Name | Firm |
|---|---|---|
| Sent | Bill L. Voss | |
| Sent | Scott Hunziker | The Voss Law Firm |
| Sent | James McClenny | The Voss Law Firm, P.C. |
| Sent | Tiffany Wozniak | The Voss Law Firm, P.C. |
| Sent | Ahsan Hasnani | THE VOSS LAW FIRM, P.C. |

## Optional Services

| Optional Service | Quantity | Fee Amount |
|---|---|---|

## Service Contacts

| Name | Email |
|---|---|

▶ **Party:** Pamela M. Carroll - Plaintiff

▶ **Party:** State Farm Fire and Casualty Company - Defendant

▼ Other Service Contacts

| | |
|---|---|
| Ahsan Hasnani | ahsan@vosslawfirm.com |
| Scott Hunziker | scott@vosslawfirm.com |
| James McClenny | james@vosslawfirm.com |
| Bill L. Voss | bill.voss@vosslawfirm.com |

Tiffany Wozniak                              tiffany@vosslawfirm.com

## Parties with No eService

| Name | Address |
|------|---------|
| Pamela M. Carroll | |
| State Farm Fire and Casualty Company | 211 East 7th Street, Suite 620 Austin Texa… |

## Fees

### ▾ No Fee Documents

| Description | Amount |
|-------------|--------|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

| | |
|---|---|
| Total Filing Fee | $0.00 |
| | **Envelope Total:** $0.00 |

| | | | |
|---|---|---|---|
| **Party Responsible for Fees** | State Farm Fire and Casualty Company | **Transaction Amount** | $0.00 |
| **Payment Account** | File & ServeXpress CC | **Transaction Id** | 17774037 |
| **Filing Attorney** | Rett Holidy | **Order Id** | 011043147-0 |
| **Filer Type** | Not Applicable | **Transaction Response** | Authorized |

© 2016 Tyler Technologies                                Version: 3.13.6.52

Skip to Main Content  Logout  My Account  My Cases  Search Menu  New Civil Search  Refine Search  Back          Location : All Courts    Images  Help

# REGISTER OF ACTIONS
## CASE NO. 16-04-04509

| | | |
|---|---|---|
| Pamela M. Carroll VS. State Farm Fire and Casualty Company | §<br>§<br>§<br>§<br>§ | **Case Type:** **Contract**<br>**Consumer/Commercial/Debt**<br>**>$200,000**<br>**Date Filed:** **04/13/2016**<br>**Location:** **284th Judicial District Court** |

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant** | **State Farm Fire and Casualty Company**<br><br>Austin, TX 78701 | **Attorneys**<br>**Dale M. Holidy**<br>*Retained*<br>713-650-1313(W) |
| **Plaintiff** | **Carroll, Pamela M.** | **James M. McClenny**<br>*Retained*<br>713-861-0015(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
| | |
|---|---|
| 04/13/2016 | **Original Petition (OCA)** |
| 04/13/2016 | **E-Filed Original Petition Document** |
| 04/13/2016 | **Jury Fee Paid** |
| 04/13/2016 | **Jury Trial Requested** |
| 04/20/2016 | **Request For Service** |
| 04/20/2016 | **Civil Case Information Sheet** |
| 04/20/2016 | **Citation** |
| | State Farm Fire and Casualty Company                    Unserved |
| 04/20/2016 | **Letters** |
| 05/27/2016 | **Original Answer** |
| 06/06/2016 | **Amended Filing** |

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Carroll, Pamela M. | | |
| | Total Financial Assessment | | 355.00 |
| | Total Payments and Credits | | 355.00 |
| | **Balance Due as of 06/08/2016** | | **0.00** |
| | | | |
| 04/15/2016 | Transaction Assessment | | 355.00 |
| 04/15/2016 | E-File Electronic Payment  Receipt # 2016-82328 | Carroll, Pamela M. | (355.00) |